# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS STEVENSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ESTATE OF LORRAINE S. MASSEY, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 10-317 (RMC) |

## MEMORANDUM OPINION

The Department of Housing and Urban Development ("HUD") and the United States (collectively, "Federal Defendants") move to dismiss the Estate of Lorraine S. Massey's ("Defendant Estate") third-party claims against them. In light of Federal Defendants' recent release of the second deed of trust and mortgage upon the real property located at 1738 Potomac Avenue, S.E. in the District of Columbia ("Property"), the motion to dismiss will be granted. Additionally, because Federal Defendants were the sole reason to adjudicate this action in federal court, the Court will, in its discretion, decline supplemental jurisdiction and remand the case back to the Superior Court.

### I. FACTS

This case had its beginning in 2002 in the Superior Court for the District of Columbia. Multiple tax liens had been assessed against the Property that was titled in the names of Ruth Fletcher Stevenson and Lorraine Dent a/k/a Lorraine Massey as joint tenants. Ms. Stevenson was Ms. Massey's mother. Ms. Stevenson died in 1976 and Ms. Massey became the sole owner of the Property until her death in 1990.

On October 1, 1996, due to multiple tax liens, the D.C. Department of Finance and

Revenue sold the Property to the District of Columbia at a tax sale, subject to a right of redemption. The District of Columbia assigned and sold its lien to a holding company, TLC Trust, and issued a Tax Lien Certificate. On December 7, 2000, this Tax Lien Certificate was sold to Eastern Europe, LLC.

On August 2, 2002, Eastern Europe filed a foreclosure action to quiet title in the Superior Court. On October 31, 2002, Eastern Europe assigned its tax lien to Plaintiff Dennis Stevenson, and he was substituted as the plaintiff in the quiet title action on February 13, 2003. Mr. Stevenson is a son of Ruth Fletcher Stevenson; his potential relationship to Lorraine Massey is unclear. On March 26, 2004, the Superior Court entered a default judgment in favor of Mr. Stevenson, thus foreclosing the right of redemption on the Property and allowing Mr. Stevenson to receive a deed from the District of Columbia.

Three years after Mr. Stevenson received his deed to the Property, Janis Dent, the daughter of Lorraine Massey, through her guardian, Evangeline Covington, filed a motion to vacate the judgment in favor of Mr. Stevenson. That motion was denied on April 23, 2007. On December 25, 2007, Ms. Dent moved to intervene in the foreclosure action and to re-open the case. She also moved to vacate the default judgment. Those motions were denied by the Superior Court on February 19, 2008.

On February 7, 2008, immediately before the denial of Ms. Dent's motions, Reginald Dent, son of Lorraine Massey and brother to Janis Dent, moved to intervene in the foreclosure action. He first demonstrated that Lorraine Massey and Lorraine Dent were one and the same person. He also asserted that he and Janis Dent were the heirs of Ms. Massey but had not received notice of the 2002 foreclosure action. The Superior Court granted Mr. Dent's motion to intervene as the co-

personal representative of the Estate of Lorraine Massey on August 5, 2009. At the conclusion of a hearing held on August 18 and 29, 2009, the Superior Court held that neither Mr. Dent nor Ms. Janis Dent had been provided proper notice of the foreclosure suit and that Mr. Stevenson had perpetrated a fraud upon the court in claiming to be the sole heir of Lorraine Massey. On October 15, 2009, the Superior Court vacated the foreclosure judgment in favor of Mr. Stevenson and voided his deed to the Property.

However, prior to that hearing, on March 23, 2009, Mr. Stevenson obtained a "reverse mortgage" from 1st Mariner Bank. Under the Home Equity Conversion Mortgage program run by the Federal Housing Authority, a home owner who is aged 62 or older and who lives in his home with no mortgage or only a small mortgage can borrow against the equity in the house. The homeowner receives money payments according to one of five payment plans. A reverse mortgage does not require repayment as long as the borrower uses the home as his principle residence. A lender recoups its money when the house is sold. *See* About Reverse Mortgages for Seniors (HECM) - HUD, http://www.hud.gov/offices/hsg/sfh/hecm/hecmabou.cfm (last visited Oct. 25, 2010 – and attached hereto).

The reverse mortgage granted by 1st Mariner Bank was filed as a Home Equity Conversion First Deed of Trust with the Recorder of Deeds in the District of Columbia on April 29, 2009, as Instrument No. 2009045445. Under the Home Equity Conversion Mortgage program, HUD granted a Home Equity Conversion Second Deed of Trust from which HUD would pay the benefits of the reverse mortgage to Mr. Stevenson if 1st Mariner Bank failed to do so. The second deed of trust also was recorded on April 29, 2009, as Instrument No. 2009045445, although there has been no cause to pay any monies from it. Of particular significance, these deeds of trust were

3

completed while three *lis pendens* were recorded on the Property for the litigation involving the Defendant Estate's rights to that property.

Despite the Superior Court's vacatur of the foreclosure judgment in favor of Mr. Stevenson, which voided his deed to the Property, Mr. Stevenson still held the tax lien against the Property. He filed an amended complaint in December 2009, seeking to foreclose the right of the Defendant Estate to redemption. Mr. Stevenson named 1st Mariner Bank, which still holds a first deed of trust on the Property, as a party, but did not name Federal Defendants as parties. In response to the Amended Complaint, Defendant Estate filed an Answer, with a counterclaim against Mr. Stevenson, and a crossclaim against 1st Mariner Bank. Defendant Estate also filed crossclaims against various other non-parties, including Federal Defendants.

On February 26, 2010, Federal Defendants removed the case from Superior Court. On March 13, 2010, Defendant Estate filed a motion for leave to file a third-party complaint against the United States, the Department of Housing and Urban Development, and Millennium Title & Abstract Co., Inc. *See* Motion to Bring in Third-Party Defendants [Dkt. # 7]. In this Third-Party Complaint, Defendant Estate sought to quiet title by extinguishing Federal Defendants' second home equity deed of trust on the Property, as well as to allege tort claims against Federal Defendants and Millennium. *See* Third-Party Complaint [Dkt. # 7-1] at 10, 15. Defendant Estate sought no monetary damages against Federal Defendants.

Federal Defendants then filed a motion to dismiss the crossclaims, an opposition to Defendant Estate's motion for leave to file a third-party complaint, and a motion to remand the case back to the Superior Court. The Court denied both Federal Defendants' motions to dismiss the crossclaims and remand the case back to the Superior Court, and granted Defendant Estate's motion

for leave to file a third-party complaint. The Court, upon a motion for reconsideration [Dkt. # 17], dismissed the crossclaims as improper, and clarified that the "Third-Party Complaint shall govern any claims against the third-party defendants." Memo. Op. of August 6, 2010 [Dkt. # 29].

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Federal district courts are courts of limited jurisdiction and "possess only that power conferred by constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(1), the party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).

### B. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must

be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Defendant Estate's Complaint outlines two theories by which the Court has jurisdiction over this action: (1) quieting title to the Property, on which Federal Defendants hold a second deed of trust, brought pursuant to 28 U.S.C. § 2410; and (2) negligent lending due to Federal Defendants' encumbering the Property while three *lis pendens* were already recorded on that Property, brought pursuant to the Federal Tort Claims Acts ("FTCA"), under 28 U.S.C. §§ 2671 *et seq*. The Complaint requests the same remedy for Federal Defendants under both theories, declaratory relief effecting quiet title by releasing the Federal Defendants' claims to the Property. *See* Third Party Compl. [Dkt. # 7-1] at 10, 15. As a result of Federal Defendants' release of the second deed of trust, Defendant Estate has not only satisfied Defendant Estate's requested remedy, but it has rendered its theory under 28 U.S.C. § 2410 moot. Furthermore, a transaction on property

6

subject to a *lis pendens* is not a tort, thus there can be no claim under the FTCA upon which relief can be granted.

Under 28 U.S.C. § 2410, "the United States may be named a party in any civil action or suit in any district court . . . to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410 (a)(1). By release of the second deed of trust, the United States no longer has or claims a mortgage or other lien. Therefore, the Federal Defendants' actions in releasing the second deed of trust mooted any action that could be maintained under 28 U.S.C. § 2410.

Under the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The nature of Defendant Estate's tort claim against Federal Defendants is that they were negligent in contracting with Plaintiff Stevenson for a reverse mortgage when several *lis pendens* were listed in the recorder's office on that Property. This is not so much a tort as a gamble for those parties securing mortgages on property already in litigation. As noted in *1st Atl. Guar. Corp. v. Tillerson*:

> The *lis pendens* doctrine is ultimately tied to the judgment resulting from the litigation. Property is affected only to the extent of the relief granted in the final decree or judgment. During the pendency of litigation, persons are on notice that the property involved may be subjected to the full extent of the relief being sought. The actual impact of the litigation on property involved, however, may be considerably reduced if the judgment denies part of the prayer of the original pleadings. The effect is limited to the final decision of the court.

916 A.2d 153, 157-58 (D.C. 2007) (citing POWELL ON REAL PROPERTY § 82A.04 [2] (Michael Allan Wolf ed. 2006). As a result, "[t]he property may still be transferred but the purchaser or

encumbrancer (historically named the "purchaser pendente lite") takes the property subject to the final judgment rendered in the pending litigation." POWELL § 82A.01 [1]. Thus, "any transfer is made with the risk that the transfer may be nullified if the judgment goes against the transferor." *Id.* Should a court finally determine the *lis pendens* issue in favor of Defendant Estate, any transaction subsequent to the *lis pendens*, such as the one contemplated here between Plaintiff Stevenson and Federal Defendants, would be void. It is, therefore, not tortious conduct to transfer property rights after a *lis pendens* is recorded, but rather, risky conduct that is dependent upon the outcome of the litigation underlying the *lis pendens*. The remedy sought is not gained via a tort, but through resolution of the underlying litigation. Because this is not tortious conduct, Defendant Estate has failed to state a claim upon which relief can be granted under the FTCA.

## IV. CONCLUSION

For the reasons stated, Federal Defendants' motion to dismiss [Dkt. # 33] will be **GRANTED**. As a result, no federal action exists in this case, and no federal entities are involved. The Court declines to exercise supplemental jurisdiction, and will order the case **REMANDED** to the Superior Court for the District of Columbia, whence it came. A memorializing Order accompanies this Memorandum Opinion.

Date: October 26, 2010

                                                        /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge